## Commonwealth v. Ackley.

W. M. *Rosenfield*, District Attorney, for Commonwealth.

W. P. *Wilson*, for defendant.

CULVER, P. J., Dec. 22, 1930.—The defendant, James Ackley, was indicted, tried and convicted of fornication. In his trial he offered no evidence, and the evidence on the part of the Commonwealth was amply sufficient to sustain the verdict.

After he was convicted he moved the court in arrest of judgment, alleging in support thereof that the Commonwealth offered no evidence to show that he and Blanch Bailey, with whom the evidence discloses he committed the act, were not married.

There is not the slightest merit in this contention, as there is no claim that he and Blanch Bailey were married, but it was contended that judgment must be arrested because the Commonwealth did not prove that fact. If defendant's contention be sustained, it would be practically impossible to convict any one of fornication, as it would require the Commonwealth to prove a negative, which is always difficult and frequently impossible. As we view the law, no such burden rested upon the Commonwealth.

There is no presumption that James Ackley and Blanch Bailey were husband and wife and no duty rested upon the Commonwealth to introduce evidence to establish they were not. If they were, it was a matter of defense peculiarly within the defendant's knowledge and should have been brought forth by him.

No Pennsylvania case directly in line has been called to our attention, but the question is squarely ruled in Gaunt *v.* State, by the Supreme Court of New Jersey, and reported in 14 Atl. Repr. 600, where Justice Garrison said:

"This is an indictment for fornication, brought here by writ of error. In his argument before this court, the counsel for the plaintiff in error relied upon two points. The first of these was the omission of the state to prove that the complaining witness was a single woman. This exception is not tenable. The indictment, it is true, charges that the person with whom the defendant committed fornication was a single woman. The single state is, however, the natural, and, during early life, the only possible, one; nor is there any period at which it is necessarily terminated or merged into marriage. In the absence, therefore, of testimony tending to the contrary, the presumption is that the celibacy which existed during puellescence continues. Therefore, until drawn into actual question, no affirmative testimony on this point was required from the prosecution."

The same rule is laid down in State *v.* McDuffie et al. by the Supreme Court of North Carolina and reported in 12 S. E. Repr. 83. In delivering the opinion therein, Justice Clark said:

"We concur with his honor in the instruction given in lieu of the second prayer for instruction. Whether defendants were married or not was a matter peculiarly within their knowledge. If married, they could have easily shown that fact and at once have put an end to the proceeding. They were themselves competent witnesses. To call upon the state to prove a negative of this character would virtually repeal the statute. Parties might come to this state from other states or foreign countries, or, indeed, from distant counties in this state. The state could not positively prove in many cases that the parties had at no time and in no place ever been married. This construction would license concubinage. On the other hand, it is no hardship on the defendants when so charged with scandalous offense to prove that they live in honored wedlock. A similar rule, and for the same reason, prevails in indictments for retailing without license. If the retailing is shown, the burden is on defendant to show that he has license so to do. . . . The state need not prove that the defendants are unmarried. It will be presumed such is the case till defendants offer proof to the contrary. . . . The single state is the natural, and, during early life, the only possible, one; nor is there any period at which it is necessarily terminated or merged in marriage. In the absence, therefore, of testimony tending to the contrary, the presumption is that the celibacy which exists in youth continues. Therefore, until drawn in question, no affirmative testimony on this point was required from the prosecution. . . . And, again, while the burden is on the state to prove the *res gestæ* of the offense, marriage or nonmarriage is no part thereof. It is a status which exists prior to such acts and independently of them. The single state existing first, in the absence of evidence is presumed to continue, and, if it has been changed to the marriage state between the defendants, it is a matter peculiarly within their own knowledge, and there is no good reason to call on the state to prove a negative."

In 8 Am. & Eng. Encyc. of Law, 563, the following rule is laid down:

"The prosecution need not prove that the parties are unmarried; it will be presumed such is the case until the defense offers evidence to the contrary. It is said in a recent case that the omission to prove that the complaining witness in an indictment for fornication was a single woman is not error; the single state, being the natural state, will be presumed until testimony to the contrary is offered."

As we have stated, there is no merit in defendant's position. He and Blanch Bailey, who was a married woman, were found sleeping together in a house occupied by them. The defendant was charged with fornication (as he was a

single man) and Blanch Bailey was charged with adultery (she being a married woman). Blanch Bailey came into court and pleaded guilty to adultery and was sentenced. The defendant pleaded not guilty and rested his case when the Commonwealth rested, and now asks to be relieved upon a technicality which, in our judgment, does not exist. We are, therefore, of opinion we were correct in denying motion in arrest of judgment and imposing sentence upon him.                     From Rodney A. Mercur, Towanda, Pa.